IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY W. JOHNSON, | ) | No. C 10-01673 JW (PR) |
| Plaintiff, | ) ) | ORDER OF PARTIAL DISMISSAL |
| v. | ) ) | AND OF SERVICE; DIRECTING DEFENDANTS TO FILE |
| | ) ) | DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; |
| R. W. FRITZ, et al., | ) ) | INSTRUCTIONS TO CLERK |
| Defendants. | ) ) | |

Plaintiff, a California inmate at the Salinas Valley State Prison in Soledad, filed a pro se civil rights complaint under 42 U.S.C. § 1983, challenging the conditions of his confinement. The Court dismissed the complaint with leave to amend. (Docket No. 5.) The Court will now conduct its initial review of the amended complaint. (Docket No. 6.)

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief

1 | may be granted, or seek monetary relief from a defendant who is immune from such
2 | relief. Id. at 1915A(b)(1),(2).

3 |       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person
4 | acting under the color of state law committed a violation of a right secured by the
5 | Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). Pro se
6 | pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696,
7 | 699 (9th Cir. 1990).

8 | B.    Plaintiff's Claims

9 |     1.    Claims against Defendant R. W. Fritz

10 |       Plaintiff claims that on December 24, 2009, he was retaliated against by defendant
11 | Correctional Officer R. W. Fritz and placed in administrative segregation ("ad-seg") for
12 | filing an inmate grievance alleging misuse of force against Defendant Fritz. (Am.
13 | Compl., Attach. at 1.) Plaintiff alleges that defendant Fritz also unlawfully strip searched
14 | him, and threatened to keep him in ad-seg unless he withdrew the grievance. (Id.)
15 | Plaintiff alleges that he refused, and that as a result he was retained in ad-seg for seven
16 | months thereafter. Plaintiff claims that his placement in ad-seg was unjustified and based
17 | on false information. (Id. at 2.) Liberally construed, these claims are cognizable under §
18 | 1983 as violations of plaintiff's First Amendment right against retaliation, right to due
19 | process, and Fourth Amendment right to bodily privacy.

20 |     2.    Claims against Defendants Anthony Hedgpeth and Matthew Cate

21 |       In its order of dismissal with leave to amend, the Court advised Plaintiff that a
22 | supervisor may be liable under section 1983 upon a showing of (1) personal involvement
23 | in the constitutional deprivation or (2) a sufficient causal connection between the
24 | supervisor's wrongful conduct and the constitutional violation. Redman v. County of San
25 | Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor
26 | therefore generally "is only liable for constitutional violations of his subordinates if the
27 | supervisor participated in or directed the violations, or knew of the violations and failed
28 | to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

1       Plaintiff's claims that defendants Anthony Hedgpeth and Matthew Cate "had knowledge of or had [they] diligently exercised [their] duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs that were done, as heretofore alleged, or other unlawfully or unconstitutional acts were going to be committed." (Am. Compl., Attach. at 3.) Plaintiff further alleges that these defendants "had the power to prevent or aid in preventing the commission of said wrongs, could have done so and intentionally, knowingly, or with deliberate indifference to the rights of plaintiff... failed or refused to do so" and that they "directly or indirectly... approved or ratified the unlawful, deliberate, malicious, retalitory [*sic*], wreckless [*sic*], arbitrary and wonton conduct of Defendant R. W. Fritz heretofore described." (Id.) Plaintiff's allegations against defendant Hedgpeth are sufficient to state a claim under § 1983 for supervisory liability as the warden of SVSP for the wrongful actions of defendant Fritz.

      However, the claims against defendant Matthew Cate, who is the Secretary of the California Department of Corrections and Rehabilitation, are DISMISSED for failure to show that defendant Cate, although not a SVSP official, has supervisorial authority over defendants Fritz and Hedgpeth at SVSP.

      3.     Other Causes of Action

      Plaintiff cause of action under the Federal Torts Claim Act is DISMISSED as none of the defendants are federal employees. See 28 U.S.C. § 2679(b)(1).

**CONCLUSION**

      For the foregoing reasons, the Court orders as follows:

      1.     The clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint, all attachments thereto, and a copy of this order upon **defendants R. W. Fritz and Anthony Hedgpeth** at **Salinas Valley State Prison**, (P.O. Box 1020, Soledad, CA 93960-1020).

      The claims against defendant Matthew Cate are DISMISSED. The Clerk shall

1 terminate this defendant from this action.

2     2. No later than **sixty (60) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

    a. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert.</u> <u>denied</u> <u>Alameida v. Terhune</u>, 540 U.S. 810 (2003).

    b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

    3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30) days** from the date defendants' motion is filed.

    a. In the event the defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents,

---

[1] The following notice is adapted from the summary judgment notice to be given to <u>pro se</u> prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

> that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

        b.     In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

        4.     Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

        5.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JW\CR.10\Johnson01673_svc.wpd

5

6. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

8. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

DATED: February 15, 2011

JAMES WARE
United States District Chief Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY W. JOHNSON JR.,

          Plaintiff,

  v.

R.W. FRITZ, et al.,

          Defendants.
                                    /

Case Number: CV10-01673 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   2/18/2011  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony Wayne Johnson F-58411
Salinas Valley State Prison
P. O. Box 1030
Soledad, Ca 93960

Dated:   2/18/2011

                                        Richard W. Wieking, Clerk
                                  /s/ By: Elizabeth Garcia, Deputy Clerk