

**FILED**

APR 20 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY W. JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>R. W. FRITZ, et al.,<br><br>    Defendants. | No. C 10-01673 JW (PR)<br><br>ORDER DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br><br><br>(Docket No. 12) |

Plaintiff, a California inmate at the Salinas Valley State Prison in Soledad, filed a pro se civil rights complaint under 42 U.S.C. § 1983, challenging the conditions of his confinement. The Court dismissed the complaint with leave to amend. (Docket No. 5.) On February 18, 2011, the Court found the amended complaint, liberally construed, stated cognizable claims and ordered service on defendants Fritz and Hedgpeth and dismissed the claims against defendant Cate. (Docket No. 8.) On March 3, 2011, Plaintiff filed a motion for leave to file a second amended complaint. (Docket No. 12.)

**DISCUSSION**

A.   <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners

seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

B.  Plaintiff's Claims

In his first amended complaint, Plaintiff claims that on December 24, 2009, he was retaliated against by defendant Correctional Officer R. W. Fritz and placed in administrative segregation ("ad-seg") for filing an inmate grievance alleging misuse of force against Defendant Fritz. (Am. Compl., Attach. at 1.) Plaintiff alleges that defendant Fritz also unlawfully strip searched him, and threatened to keep him in ad-seg unless he withdrew the grievance. (Id.) Plaintiff alleges that he refused, and that as a result he was retained in ad-seg for seven months thereafter. Plaintiff claims that his placement in ad-seg was unjustified and based on false information. (Id. at 2.) Liberally construed, these claims are cognizable under § 1983 as violations of plaintiff's First Amendment right against retaliation, right to due process, and Fourth Amendment right to bodily privacy. The Court also found cognizable Plaintiff's claim against defendant Hedgpeth as sufficient to state a claim under § 1983 for supervisory liability as the warden of SVSP for the wrongful actions of defendant Fritz.

In his second amended complaint, plaintiff seeks to add defendants T. Selby, B. Martinez, P. Nickerson, B. Hedrick, G. Biaggini, Dr. Worrington and Ms. Park, A. Meden, W. Muniz, Dr. Card and G. Ramirez to this action, alleging that they retaliated against him and conspired with defendants Fritz and Hedgpeth to unlawfully retain him in

1  ad-seg for seven months following defendant Fritz's actions as alleged above. (SAC at 3,
2  6.)
3        A plaintiff may amend the complaint once as a matter of course within 21 days
4  after serving it. Fed. R. Civ. P. 15(a)(1)(A). But if the complaint requires a responsive
5  pleading, a plaintiff may amend the complaint 21 days after service of a responsive
6  pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is
7  earlier. Id. at (a)(1)(B). In all other cases, a plaintiff must obtain the defendant's consent
8  or leave of court to amend a complaint. Id. at (a)(2). Plaintiff filed his second amended
9  complaint on March 3, 2011. On March 14, 2011, the summonses were returned
10 executed on defendants Fritz and Hedgpeth. (Docket Nos. 14 & 15.) A responsive
11 pleading has not yet been filed by defendants.
12       Although plaintiff's claims against new defendants arise from and are related to
13 the claims in his first amended complaint, the claims are deficient as they are conclusory
14 and lack factual support. Plaintiff makes blanket claims that defendants "agreed and
15 acted to intentionally" against his interests but provides no material facts to support these
16 allegations. (SAC at 6.) Conclusory allegations of a conspiracy which are not supported
17 by material facts are insufficient to state a claim under § 1983. Woodrum v. Woodword
18 County, 866 F.2d 1121, 1126 (9th Cir. 1989). Furthermore, plaintiff must allege that a
19 constitutional right was violated – conspiracy, even if established, does not give rise to
20 liability under § 1983 unless there is such a deprivation. Id. Accordingly, the motion for
21 leave to file a second amended complaint is DENIED. In the interest of justice, plaintiff
22 shall be given leave to amend to attempt to allege sufficient facts to support a cognizable
23 claim against any defendants he wishes to add to this action.
24
25                           **CONCLUSION**
26       For the foregoing reasons, the Court orders as follows:
27       1.    Plaintiff's motion for leave to file a second amended complaint is DENIED
28 without prejudice. Within **thirty (30) days** of the date this order is filed, plaintiff may

Order Denying Mot. For Leave to File SAC
P:\PRO-SE\SJ.JW\CR.10\Johnson01673_deny-mot.2.am.wpd     3

1  file a third amended complaint to correct the deficiencies discussed above. The third
2  amended complaint must include the caption and civil case number used in this order and
3  the words "THIRD AMENDED COMPLAINT" on the first page and the case number for
4  this action, Case No. C 10-01673 JW ( PR). Because an amended complaint completely
5  replaces any previously filed complaint, plaintiff must include in it all the claims he
6  wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff
7  may not incorporate material from previously filed complaints by reference.

8  If plaintiff desires not to file an amended complaint and proceed solely on the
9  cognizable claims against defendants Fritz and Hedgpeth the first amended complaint, he
10 shall file notice accordingly, and the action shall proceed in accordance with the Court
11 Order filed on February 18, 2011, (Docket No. 8).

12 2. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the
13 Court informed of any change of address by filing a separate paper with the clerk headed
14 "Notice of Change of Address." He must comply with the Court's orders in a timely
15 fashion or ask for an extension of time to do so. Failure to comply may result in the
16 dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

17 The clerk shall enclose two copies of the court's form complaint with a copy of
18 this order to plaintiff.

19 This order terminates Docket No. 12.

21 DATED: April 15, 2011

JAMES WARE
United States District Chief Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY W. JOHNSON JR.,

        Plaintiff,

v.

R.W. FRITZ, et al.,

        Defendants.
_____/

Case Number: CV10-01673 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on __4/20/11__, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony Wayne Johnson F-58411
Salinas Valley State Prison
P. O. Box 1050
Soledad, Ca 93960

Dated: __4/20/11__

Richard W. Wieking, Clerk
By: Elizabeth Garcia, Deputy Clerk