United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8    IN THE UNITED STATES DISTRICT COURT

9    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
11   ANTHONY W. JOHNSON,              )    No. C 10-01673 EJD (PR)
                                      )
12       Plaintiff,                   )    ORDER GRANTING MOTION TO
                                      )    DISMISS; REVOKING *IN FORMA*
13    vs.                             )    *PAUPERIS* STATUS;
                                      )    ADDRESSING PENDING
14                                    )    MOTIONS
     R. W. FRITZ, et al.,             )
15                                    )
         Defendants.                  )
16                                    )
                                      )    (Docket Nos. 17, 28, 33, 34 & 35)
17   _____      )

18          Plaintiff, a California inmate at the Salinas Valley State Prison in Soledad,

19   filed a pro se civil rights complaint under 42 U.S.C. § 1983, challenging the

20   conditions of his confinement.  The Court dismissed the complaint with leave to

21   amend.  (Docket No. 5.)  This Court found the amended complaint, liberally

22   construed, stated cognizable claims under § 1983 and ordered Defendants be served

23   with the amended complaint.  (See Docket No. 8.)  Plaintiff filed a motion to

24   proceed in forma pauperis which this Court granted.  (Docket No. 4.)

25          Defendants have filed a motion to revoke Plaintiff's in forma pauperis status

26   and dismiss the complaint on the grounds that Plaintiff is barred from proceeding in

27   forma pauperis pursuant to 28 U.S.C. § 1915(g).  (Docket No. 17 (hereafter

28   "Mot.").)  Defendants request the Court to take judicial notice of the documents

Order Granting MTD; Revoking IFP; Pending Motions
P:\PRO-SE\SJ.EJD\CR.10\Johnson01673_grant-mtd (1915g).wpd

1    submitted in support thereof.  (Docket No. 18.)  Plaintiff filed an opposition, and

2    Defendants filed a reply.

3

4                                        **DISCUSSION**

5    **A.    28 U.S.C. § 1915(g)**

6          The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and

7    became effective, on April 26, 1996.   It provides that a prisoner may not bring a

8    civil action or appeal a judgment in a civil action or proceeding under 28 U.S.C. §

9    1915 (i.e., may not proceed in forma pauperis) "if the prisoner has, on 3 or more

10   prior occasions, while incarcerated or detained in any facility, brought an action or

11   appeal in a court of the United States that was dismissed on the grounds that it is

12   frivolous, malicious, or fails to state a claim upon which relief may be granted,

13   unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C.

14   § 1915(g).  Section 1915(g) requires that this Court consider prisoner actions

15   dismissed before, as well as after, the statute's 1996 enactment.  Tierney v. Kupers,

16   128 F.3d 1310, 1311-12 (9th Cir. 1997).

17         The plain language of the imminent danger clause in § 1915(g) indicates that

18   "imminent danger" is to be assessed at the time of filing, not at the time of the

19   alleged constitutional violations.  See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312

20   (3d Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir.

21   1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144

22   F.3d 883, 885 (5th Cir. 1998) (holding further that imminent danger must be shown

23   at time of filing notice of appeal to obtain IFP status on appeal).  "Imminent danger"

24   may include an ongoing danger of serious physical injury.  See Ashley, 147 F.3d at

25   717 (holding that plaintiff sufficiently alleged ongoing danger where he had

26   repeatedly been housed near enemies, despite his protests, and where he filed his

27   complaint very shortly after being attacked by an enemy); cf. Abdul-Akbar, 239

28   F.3d at 315 n.1 (while declining to reach question of whether "imminent danger"

_United States District Court_
_For the Northern District of California_

Order Granting MTD; Revoking IFP; Pending Motions
P:\PRO-SE\SJ.EJD\CR.10\Johnson01673_grant-mtd (1915g).wpd  2

United States District Court

For the Northern District of California

1    encompasses an ongoing danger of serious physical injury, noting that the plaintiff's

2    allegations of past acts of physical harassment were not sufficiently specific or

3    related to support an inference of an ongoing danger); Medberry, 185 F.3d at 1193

4    (finding no ongoing danger where plaintiff had been placed in administrative

5    segregation following physical assaults by fellow inmates and before he filed his

6    complaint).

7         A district court should liberally construe the allegations in a complaint filed

8    by a pro se prisoner facing a § 1915(g) bar, construing all allegations in favor of the

9    complainant and crediting those allegations of "imminent danger" that have gone

10   unchallenged.  See McAlphin v. Toney, 281 F.3d 709, 710-11 (8th Cir 2002)

11   (liberally construing allegations in complaint for initial determination of whether

12   prisoner is in "imminent danger of serious physical injury"); Gibbs v. Cross, 160

13   F.3d 962, 966 (3d Cir. 1998) (same).  Plaintiff has the burden of proving that he is in

14   imminent danger of serious physical injury.

15   **B.    Plaintiff's Prior "Strikes"**

16        Defendants allege that Plaintiff has filed, while incarcerated, at least three

17   actions that were dismissed on the basis that they were frivolous, malicious, or failed

18   to state claim, and set forth the following cases: (1) Johnson v. Guerrero, et al., No.

19   09-CV-01882-UA-CT (C.D. Cal. Oct. 22, 2009) (hereafter "Guerrero I"); (2)

20   Johnson v. Guerrero, No. 09-CV-02113-UA-CT (C.D. Cal. Nov. 20, 2009)

21   (hereafter "Guerrero II"); (3) Johnson v. Gains, et al., No. 09-CV-02868-DMS-AJB

22   (S.D. Cal. Jan. 6, 2010) (hereafter "Gains"); and (4) Johnson v. Turchin, No. 10-CV-

23   02381-UA-DUTY (C.D. Cal. Apr. 9, 2010) (hereafter "Turchin").  (Defs.' Mot. to

24   Dismiss at 5-6.)  Defendants assert that all four actions were dismissed as frivolous

25   or because they failed to state a claim.  (Mot. at 5; Defs.' Req. for Jud. Notice, Ex.

26   A-D.)

27        Defendants asserts that in Guerrero I, the district court denied Plaintiff's IFP

28   motion after finding, among other reasons, that his complaint was barred by Heck v.

United States District Court

For the Northern District of California

1    Humphrey, 512 U.S. 477, 483-87 (1994), as the complaint challenged the validity of

2    his criminal conviction which had not yet been invalidated.  (Defs.' Req. for Jud.

3    Notice, Ex. A.)  Defendants contend that this denial was based essentially on

4    Plaintiff's failure to state a claim upon which relief may be granted, and that an IFP

5    denial such as this counts as a strike under § 1915(g).  (Mot. at 5, citing O'Neal v.

6    Price, 531 F.3d 1146, 1153 (9th cir. 2008).)  Defendants argue that Guerrero II

7    should also count as strike because the district court dismissed it for the same reason

8    as Guerrero I, *i.e.*, the court denied Plaintiff's IFP motion because the complaint

9    challenged the validity of his criminal conviction and was therefore barred by Heck.

10   (Id. at 5-6; Defs.' Req. for Jud. Notice, Ex. B.)  With respect to Gains, Defendants

11   assert that the district court dismissed the complaint as frivolous therefore counts as

12   a strike under § 1915(g).  (Id. at 6; Defs.' Req. for Jud. Notice, Ex. C.)  Lastly,

13   Defendants argue that Turchin, which was dismissed as frivolous and for failure to

14   state a claim, should also count as strikes under § 1915(g).  (Id.; Defs.' Req. for Jud.

15   Notice, Ex. D.)

16         In his opposition, Plaintiff claims that "the court that adjudicated the earlier

17   action that resulted in a strike abused its discretion in its dismissal of indigent inmate

18   litigants action as being frivolous and for failure to state a claim"  (Pl.'s Opp. at –3;

19   Docket No. 23.)  Plaintiff asserts that his actions were not frivolous and did not fail

20   to state a claim.  (Id. at 3.)

21         Plaintiff specifically claims that in Guerrero I, he was misled into believing

22   his whole action was barred by Heck, and therefore did not pursue an appeal of his

23   allegedly valid claims.  (Id. at 4.)  Defendants reply that this Court is not a court of

24   appellate jurisdiction, and does not have the authority to review the district court's

25   final order for an abuse of discretion.  (Defs.' Reply at 5; Docket No. 26.)  They

26   assert that Plaintiff had the opportunity to appeal the order of dismissal but did not,

27   and that his allegations that he was misled and that he had inadequate access to the

28   law library does not make the order "any less final."  (Id. at 6.)  In Guerrero II,

1    Plaintiff asserts that he had at least two valid claims, and the court therefore abused

2    its discretion in dismissing the action.  (Id.)  Defendants again assert that Plaintiff

3    had an opportunity to appeal the dismissal order but did not.

4        Plaintiff next argues that Gains was "merely a mistake" due to a "confusing

5    and purposefully misleading order" which lead him to believe he could pursue

6    claims that were dismissed without prejudice.  (Id. at 4-5.)  Defendants argue in

7    reply that regardless of his reason of initiating the case, it was brought as a separate

8    suit and appropriately dismissed as frivolous.  (Id. at 6. citing Cato v. United States,

9    70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (holding that a prisoner's complaint is

10   considered frivolous under 1915A(b)(1) if it "merely asserts pending or previously

11   litigated claims.")   Lastly, Plaintiff argues that Turchin should not qualify as a strike

12   because the district court "erroneously" dismissed his complaint as frivolous.  (Id. at

13   5.)  Defendants assert that the complaint was plainly dismissed as frivolous and for

14   failure to state a claim, and therefore qualifies as a strike.

15       This Court grants Defendants' request for judicial notice of the court

16   documents provided in support of their motion to dismiss on the grounds that

17   Plaintiff is barred from proceeding in forma pauperis under 28 U.S.C. § 1915(g).[1]

18   (Docket No. 18.)  It is clear from the relevant documents that Plaintiff had at least

19   three complaints dismissed on the grounds that they were frivolous, malicious, or

20   failed to state a claim upon which relief may be granted: (1) in Guerrero I, the court

21   found that Plaintiff's complaint appeared to "challenge the validity of his criminal

22

23

24

25       [1] The district court "may take judicial notice of proceedings in other courts,
     both within and without the federal judiciary system, if those proceedings have a
26   direct relation to matters at issue."  Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir.
     2007) (internal quotation marks and citations omitted) (granting request to take
27   judicial notice in § 1983 action of five prior cases in which plaintiff was pro se
     litigant, to counter her argument that she deserved special treatment because of her
28   pro se status).

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

conviction" and was therefore barred by Heck[2]; (2) the court found in Guerrero II

that Plaintiff's complaint would necessarily imply the invalidity of his state

conviction and was therefore barred by Heck absent prior invalidation[3]; (3)

Plaintiff's claims in Gains were ultimately found to be frivolous because Plaintiff

was already litigating the same claims in a separate action[4]; and (4) the court found

in Turchin that the complaint failed "to state a claim upon which relief can be

granted" and was "legally and/or patently frivolous."[5]  Plaintiff's general assertions

that the court in each of these cases abused its discretion are unpersuasive and

without merit.  These four cases are sufficient to warrant a § 1915(g) dismissal as

the courts properly dismissed these actions as frivolous or for failure to state a claim

upon which relief may be granted.  Accordingly, the instant complaint must be

dismissed pursuant to § 1915(g) unless Plaintiff can show that he was in imminent

---

[2] In Guerreo I, Plaintiff alleged that various county officials retaliated against him for exercising his First Amendment rights by filing false charges against him. (Oppo., Ex. 1, "Statement of facts").  In finding that Heck barred his complaint, the court also noted that Plaintiff had failed to show that his criminal conviction had been invalidated as he had then a pending federal habeas petition and moreover, that he had unsuccessfully challenged a conviction for which he was no longer in custody in a previous habeas action. (Defs.' Req. for Jud. Notice, Ex. A at 4.)

[3] In Guerreo II, Plaintiff alleged that officials and employees at the San Bernardino District Attorney's Office and at the San Bernardino Superior Court retaliated against him for exercising his First Amendment rights by filing charges against him which had previously been dismissed.  As to Plaintiff's assertion that his civil rights claims did not challenge the validity of his conviction, the court disagreed: "Plaintiff's claims necessarily assume that he was wrongly convicted because he should not have been charged with the crimes in the first place."  (Defs.' Req. for Jud. Notice, Ex. A at 2.)

[4] In Gains, the district court dismissed the complaint as frivolous after finding that "Plaintiff's instant Complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(a) because it appears to be duplicative of a case Plaintiff is currently litigating" and "contains identical claims and defendants."  (Defs.' Req. for Jud. Notice, Ex. B at 5.)

[5] In Turchin, Plaintiff was suing Magistrate Judge Carolyn Turchin, who was also the judge who recommended denying Plaintiff's IFP motions in Guerrero I and Guerrero II.  The order denying the motion for leave to proceed IFP in Turchin noted that "[P]laintiff's remedy, if any, is to pursue his appeal rights in connection with his pending habeas action, in which the challenged judicial rulings occurred" and that "judicial immunity doctrine applies." (Defs.' Req. for Jud. Notice, Ex. D at 4.)

**United States District Court**
For the Northern District of California

1    danger of serious physical injury at the time the complaint was filed.

2    **C.      Imminent Danger of Serious Physical Injury**

3              Plaintiff has the burden of proving that he is in imminent danger of serious

4    physical injury at the time he filed the complaint.  In his original complaint filed on

5    April 19, 2010, Plaintiff alleged that on December 24, 2009, he was handcuffed by

6    defendant Correctional Officer R. W. Fritz and placed in administrative segregation

7    for filing an inmate grievance.  (Compl. 2; Docket No. 1.)  Nowhere in the original

8    complaint does Plaintiff allege an "ongoing danger."  However, for the first time in

9    his opposition, Plaintiff claims that he "will be exposed to possible death if his in

10   forma pauperis status is revoked" and that he has been retaliated against "on

11   multiple instances by the Defendants and their peers and will probably be murdered

12   by correctional staff before the Federal Courts intervene."  (Oppo. at 2.)  Plaintiff

13   claims that he was "purposefully exposed to danger due to filing suit and staff

14   complaints" when he allegedly was the subject of an attack by fellow inmates on

15   March 14, 2011.  (Id.)

16             These allegations are irrelevant and not sufficient to show that Plaintiff was

17   in imminent danger of serious physical injury at the time he filed the complaint.

18   Abdul-Akbar, 239 F.3d at 312.  The conditions that existed at some earlier or later

19   time are not relevant.  See Andrews II, 493 F.3d 1047 at 1053; see id. at 1053 n.5

20   (post-filing transfer of prisoner out of the prison at which danger allegedly existed

21   may have made moot his request for injunctive relief against the alleged danger, but

22   it does not affect the § 1915(g) analysis).  Having failed to meet his burden, Plaintiff

23   is not entitled to the exception under § 1915(g) to avoid dismissal without prejudice

24   by Defendants' motion.  Plaintiff may still pursue his claims if he pays the full filing

25   fee at the outset of a newly filed action.

26   ///

27   ///

28   ///

**United States District Court**
For the Northern District of California

1

2

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

3       1.      Defendants' motion to dismiss (Docket No. 17) is GRANTED.  This

4   action is DISMISSED without prejudice to refiling if Plaintiff pays the filing fee.

5       2.      The Order entered August 30, 2010 (Docket No. 4), granting Plaintiff

6   leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, is VACATED.  Accordingly, Plaintiff's <u>in</u> <u>forma</u>

7   <u>pauperis</u> status is REVOKED.

8       3.      Plaintiff's motion to compel, (Docket No. 33), and motion for

9   summary judgment, (Docket No. 34), are DENIED as moot.

10      4.      Defendants' motion to screen Plaintiff's third amended complaint,

11  (Docket No. 28), and motion to stay discovery, (Docket No. 35), are DENIED as

12  moot.

13      This order terminates Docket Nos. 17, 28, 33, 34 and 35.

14

15  DATED:    Ocotber 12, 2011

16                                          EDWARD J. DAVILA
                                            United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting MTD; Revoking IFP; Pending Motions
P:\PRO-SE\SJ.EJD\CR.10\Johnson01673_grant-mtd (1915g).wpd  8

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


ANTHONY W. JOHNSON,

             Plaintiff,

   v.

R.W. FRITZ, et al.,

             Defendants.

_____/

Case Number: CV10-01673 EJD

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____10/12/2011_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Anthony Wayne Johnson F-58411
Centinela State Prison State Prison
P. O. Box 901
Imperial, Ca 92251


Dated: _____10/12/2011_____

             Richard W. Wieking, Clerk
/s/By: Elizabeth Garcia, Deputy Clerk